**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| KELVIN KELLY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 09-CV-412-CVE-TLW |
| | ) |
| U.S. IMMIGRATION AND CUSTOMS | ) |
| ENFORCEMENT (I.C.E.), | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

On June 25, 2009, Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. # 1), and a motion to proceed *in forma pauperis* (Dkt. # 2). Plaintiff is presently being detained by U.S. Immigration and Customs Enforcement ("I.C.E.") at the David L. Moss Criminal Justice Center, Tulsa, Oklahoma. He appears *pro se*. As discussed below, the Court finds Plaintiff's motion to proceed *in forma pauperis* shall be granted. Plaintiff shall be required to make an initial partial payment and, thereafter, monthly payments until the full $350 filing fee is paid. The Court further finds that the relief sought by Plaintiff is improperly brought under 42 U.S.C. § 1983. Therefore, the complaint shall be dismissed for failure to state a claim upon which relief may be granted.

**A.      Motion to proceed *in forma pauperis***

After reviewing Plaintiff's motion to proceed *in forma pauperis* the Court concludes that Plaintiff is without funds in his institutional account(s) sufficient to prepay in full the filing fee required to commence this action. Accordingly, the Court finds Plaintiff is entitled to proceed without prepayment of the filing fee, and his motion to proceed *in forma pauperis* shall be granted.

However, pursuant to 28 U.S.C. §1915(b)(1), Plaintiff shall be required to pay the full **$350** filing fee as set forth hereafter.

Plaintiff shall pay an initial partial filing fee of **$3.89** which represents 20 percent of the greater of the (1) average monthly deposits, or (2) average monthly balance in Plaintiff's inmate accounts for the period immediately preceding the filing of the complaint. 28 U.S.C. §1915(b). The Prison Litigation Reform Act of 1996 ("PLRA") requires the district court to assess and collect the $350 filing fee even when a case is dismissed before service of the summons and complaint. See 28 U.S.C. § 1915(b)(1). Therefore, after payment of the initial partial filing fee, Plaintiff shall continue to make monthly payments of 20 percent of the preceding month's income credited to his prison account(s) until he has paid the total filing fee of **$350**. 28 U.S.C. § 1915(b)(2). The trust fund officer or other appropriate prison official at Plaintiff's current place of incarceration is hereby ordered to collect, when funds exist, monthly payments from Plaintiff's prison account(s) in the amount of 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's prison account(s) shall be forwarded to the Clerk of Court each time the account balance exceeds $10 until the full $350 filing fee is paid. Separate deductions and payments shall be made with respect to each action or appeal filed by Plaintiff. All payments shall be sent to the Clerk, 411 United States Courthouse, 333 West Fourth Street, Tulsa, Oklahoma 74103-3819, attn: PL Payments, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Clerk shall send a copy of this Order to accounting officials at David L. Moss Criminal Justice Center.

**B. Complaint shall be dismissed**

Pursuant to the PLRA, a district court may dismiss an action filed *in forma pauperis* "at any time" if the court determines that the action is frivolous, malicious, or fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. Id. at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. Id. at 558.

A *pro se* plaintiff's complaint must be broadly construed under this standard. Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The generous construction to be given the *pro se* litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Twombly, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)). The court "will

not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-1174 (10th Cir. 1997). The Court applies the same standard of review for a dismissal under § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. Kay v. Bemis, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

After liberally construing Plaintiff's *pro se* complaint, see Haines, 404 U.S. at 520-21; Hall, 935 F.2d at 1110, the Court finds that the relief sought by Plaintiff is improperly brought under 42 U.S.C. § 1983. For that reason, as discussed in more detail below, Plaintiff's claims brought pursuant to 42 U.S.C. § 1983 fail to state a claim upon which relief may be granted. Therefore, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the complaint shall be dismissed.

Plaintiff's claims relate to his ongoing detention on an I.C.E. hold. In the "Nature of Case" section of the complaint, Plaintiff asserts that his detention results from "discirmation" [sic]. See Dkt. # 1. Plaintiff raises the following grounds for relief:

Count 1: Talk to INS or ICE in 2003 or 2004, never mention anything about 2003 felonies, was arrested on 10-10-08, place on ICE hold and was release after proven status. ICE officer Fetteroff held me at David L. Moss 300 N. Denver Tulsa, OK 74102 on 9-11-08.

Count 2: Perjury: ICE office supervisor lied and would not let my witness in courtroom and said the judge order that everyone leave. Maria Allen came on 5/5/09 to Immigration Court in Oklahoma City to testify on my behalf and ICE Supervisor Don Ivey told her safety was in danger and the judge order no one in the courtroom.

Count 3: Frad [sic]: destroying evidence, false charges, fake document, money for release: fugitives who been release from ICE without seeing a judge just pay money. Don Ivey took off material witness off arrest record and said I claim to be a citizen and charge me with it in Oklahoma City Immigration Court.

(Dkt. # 1).   In his request for relief, Plaintiff states "Civil Rights Act, 42 U.S.C. § 1983 or habeas corpus, for case to be dismissed." Id.

### 1. No cause of action against a federal agency

Because a claim under 42 U.S.C. § 1983 requires state action, the federal government and its employees are not subject to suit under 42 U.S.C. § 1983.  Instead, Plaintiff's claims are governed by Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), in which the Supreme Court recognized an implied cause of action against federal actors in their individual capacities for deprivation of Fourth Amendment rights. Id. at 389. Bivens actions lie only against federal actors in their individual capacities, not in their official capacities and not against the federal agencies for which they work. See Steele v. Fed. Bur. of Prisons, 355 F.3d 1204, 1214 (10th Cir. 2003), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007); Farmer v. Perrill, 275 F.3d 958, 963 (10th Cir. 2001).  Plaintiff has named only one defendant in this action, U.S. Immigration and Customs Enforcement, a subdivision of the Department of Homeland Security.  As no cause of action lies against a federal agency, Plaintiff's complaint fails to state a claim upon which relief may be granted and shall be dismissed for that reason.

### 2. Request for relief sounds in habeas corpus

In his request for relief, Plaintiff asks only for his underlying case to be dismissed. See Dkt. # 1. Because that relief would affect the length or duration of his confinement, the appropriate remedy is provided by the habeas corpus statutes. Preisser v. Rodriguez, 411 U.S. 475, 487-490 (1973); Duncan v. Gunter, 15 F.3d 989 (10th Cir. 1994); Smith v. Maschner, 899 F.2d 940, 951 (10th Cir. 1990). Therefore, Plaintiff's remedy for seeking dismissal of either an underlying criminal case or a case affecting his deportation status would be a petition for a writ of habeas corpus under

28 U.S.C. § 2241 or § 2254. The Court notes that Plaintiff has a pending 28 U.S.C. § 2241 petition for writ of habeas corpus, filed in N.D. Okla. Case No. 09-CV-320-JHP-PJC, challenging his ongoing I.C.E. detention. Plaintiff's request for "his case to be dismissed" is not cognizable under 42 U.S.C. § 1983 or Bivens and his complaint shall be dismissed for failure to state a claim upon which relief may be granted.

### 3. First "prior occasion" under 28 U.S.C. § 1915(g)

Plaintiff has been granted leave to proceed *in forma pauperis*. In addition, his complaint fails to state a claim upon which relief may be granted. As a result, the complaint shall be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). This dismissal shall count as Plaintiff's first "prior occasion" under 1915(g) (providing that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury").

**ACCORDINGLY, IT IS HEREBY ORDERED that**:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. # 2) is **granted.** Plaintiff is responsible for payment of the **$350** filing fee in monthly installments. Plaintiff shall make an initial partial payment of **$3.89**.

2. After submitting the initial partial payment, Plaintiff shall make monthly payments of 20% of the preceding month's income credited to his account(s). Prison officials having custody

of Plaintiff shall forward payments from Plaintiff's account(s) to the Clerk at the address cited herein each time the amount in the account(s) exceeds $10 until the filing fee is paid.

3. Plaintiff's civil rights complaint (Dkt. # 1) is **dismissed** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

4. The Clerk is directed to **flag** this dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as Plaintiff's first "prior occasion" for purposes of 28 U.S.C. § 1915(g).

5. The Clerk shall send a copy of this Order to prison officials at David L. Moss Criminal Justice Center, Tulsa, Oklahoma.

DATED THIS 1st day of July, 2009.

*Claire V. Eagan*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT